IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SEAN PAYNE                                                            PLAINTIFF

           v.                         Civil No. 12-2315

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                      DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Sean Payne, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff filed his SSI application on March 11, 2010, alleging an onset date of September 9, 1989, due to the attention deficit hyperactivity disorder (ADHD), bipolar disorder, a learning disorder, and dyslexia.  Tr. 125-133, 189.  The Commissioner denied Plaintiff's applications initially and on reconsideration.  An administrative hearing was held on May 5, 2011.  Tr. 28-72. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 21 years old, possessed an eighth grade education, and had no past relevant work experience.  Tr. 17.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On October 4, 2011, the ALJ found Plaintiff's pain disorder with dysthymic disorder, post traumatic stress disorder (PTSD), borderline personality disorder, borderline intellectual functioning (BIF), and vision impairment to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-14. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform a full range of work at all exertion levels but with the following nonexertional limitations: the claimant is able to read the print in magazines or larger, but he should avoid jobs requiring good peripheral vision and must also avoid concentrated exposure to hazards including driving as a part of work. Nonexertionally, the claimant is able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

Tr. 14. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a kitchen helper/dishwasher, hand packager, and dining room attendant/bus boy. Tr. 18.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 18, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

Plaintiff contends that the ALJ erred in concluding that he did not meet the requirements of Listing 12.05. Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app.1, § 12.05. A claimant will be considered mentally retarded if he meets one of four sets of requirements, including the requirement contained in section 12.05C, which requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function. *Id*. However, a formal diagnosis of mental retardation is not required to fall within the confines of section 12.05. *See Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006).

The evidence of record reveals as follows. Plaintiff was tested by Dr. LaGrande in December 2008, earning a full scale IQ of 67, a verbal IQ of 72, and a performance IQ of 67. Tr. 237. Dr. LeGrand noted no significant difference between Plaintiff's verbal and performance

4

IQ scores, indicating that his full scale IQ score was an adequate representation and valid estimate of his overall functioning. Tr. 237. Dr. LeGrand stated that Plaintiff's overall cognitive functioning was in the mentally retarded to intellectually deficient range. Tr. 237. However, without explanation, he later stated that Plaintiff's function appeared to be more in the borderline range. Tr. 238. In June 2010, Dr. Effird evaluated Plaintiff, but did not perform IQ testing. Instead, he relied on Dr. LeGrand's assessment of borderline intellectual functioning, although he did note Plaintiff's general fund of information suggested mental retardation. Tr. 244, 245.

It also seems clear that Plaintiff's functional deficits manifest themselves during the developmental period, as he was only 21 years of age at the time of Dr. LeGrand's evaluation. Tr. 28-72. And, the record indicates that he struggled in special education classes through the eighth grade, making D's the last three years of school prior to dropping out. Tr. 33, 229, 230, 296, 243. *Id.* at 900 (holding that Plaintiff's enrollment in special education classes through the ninth grade was sufficient to establish manifestation during the developmental period). Further, Plaintiff testified that he had never lived on his own, and his work history is marked with short periods of employment terminated due to difficulties with supervisors, co-workers, anger management, and difficulty keeping pace and maintaining attention. Tr. 59, 60, 236, 237, 243, 297, 298.

The last element of 12.05C requires evidence of another physical or mental impairment that imposes additional significant and work-related limitations. Here, the ALJ concluded that Plaintiff suffered from the severe impairments of dysthymic disorder, post-traumatic stress disorder, borderline personality disorder, and a vision problem. Tr. 12, 235-241, 242-246,

5

292-321. Specifically, the ALJ determined that Plaintiff had C severe amblyplopia with restricted field of vision preventing him from performing jobs requiring good peripheral vision and concentrated exposure to hazards including driving as a part of work. Tr. 247, 248, 267, 290.

Accordingly, we believe that remand is necessary for further consideration of the mental retardation issue. On remand, the ALJ is directed to clarify Dr. LeGrand's assessment. If clarification is not possible, then a consultative mental evaluation should be ordered complete with IQ testing and a mental RFC assessment.

## IV.   Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of February 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

6